# EXHIBIT A

| | |
|---|---|
| UNITED STATES OF AMERICA | ) UNDER THE U.S. CONSTITUTION |
| STATE OF INDIANA | ) UNDER INDIANA STATE CODE |
| ALLEN COUNTY, INDIANA | ) IN THE ALLEN COUNTY SUPERIOR COURT |
| NICHOLAS MARK MASON | ) CAUSE NO._____ |
| ALLENCOUNTYCOURT@OUTLOOK.COM | ) |
| PLAINTIFF, | ) |
| | ) NOTICE OF DISABILITY |
| VS. | ) |
| | ) |
| LEMONADE INSURANCE COMPANY | ) |
| | ) SS: |
| | ) |
| DEFENDANT, | ) |
| | ) |

## COMPLAINT

The defendant Lemonade has shown bad faith in attempting to renege on its obligations to the insured petitioner Nicholas Mason. Claims were first reported in 2019 and have yet to accept the claims made. The defendant has repeatedly asked that claims be submitted through an application that has not provided the means to so resulting in the defendant neglecting the petitioner, Nicholas Mason resulting in undue hardships in which the policy was to protect.

### PARTIES AND JURISDICTION

1. The petitioner, Nicholas Mark Mason maintains a mailing address below:

   3011 South Walnut Ridge Drive
   New Haven IN 46774

2. The defendant, Lemonade Insurance Company maintains the address below:

   5 Cosby st. 3rd floor
   New York, NY 10013

3. The insured property of Lemonade Insurance Company is the address below:

409 Buchanan St.

Fort Wayne IN 46803

4. The Allen Superior Court shall have jurisdiction in this matter as the petitioner and the property insured is located in Allen County where the loss took place.

## FACTS

1. The petitioner, Nicholas Mason was insured and provided the policy number below: # LP7BF126C4
2. The policy became effective on September 6, 2019 and continued until September 6, 2020 as provided in the policy contract.
3. The name of the insured was Nicholas Mason
4. The insured property address is below:

409 Buchanan St.

Fort Wayne IN 46803

5. The loss occurred or otherwise was noticed around October 1, 2019
6. The Insurance company was notified by November 2, 2019 upon attempts to file a claim.
7. The claim was only recently confirmed on 3/21/2022 obtaining the claim number of LC477A4084.
8. The defendant has claimed that the claim submitted would need to be submitted again under a different type of claim on 3/29/22
9. The petitioner informed the defendant that this would not suffice any longer and demanded to speak to their attorney on 3/29/22
10. The petitioner, Nicholas Mason has not heard from the defendant in regards to an answer.
11. The petitioner notified the petitioners that a complaint would be filed in court.

## CLAIMS

1. The defendant, Lemonade Insurance Company had a legal duty to protect the insured and was contracted to do so
2. The petitioner, Nicholas Mason fullfilled the responsibilities required within the contract
3. The defendant, Lemonade Insurance Company has failed to fulfil their duty.of the contractual terms.

https://sites.google.com/view/mason1/

4. The defendant, Lemonade Insurance Company was negligent in failing to provide the coverage contracted to insure acting in bad faith.
5. The loss of property consisting of industrial equipment personally acquired was lost. Equipment which may have been the only of its kind in the region and the loss of use of such equipment is great.
6. The failure to act in this matter led to further loss of property and led to the petitioner's incapacitation from the undue hardships placed.
7. The result of loss continues to affect the petitioner, Nicholas Mason who has been made to work for lower wages while yet to have a home while recovering from such loss.
8. The petitioner, Nicholas Mason has lived out of a bag since the loss without steady residence which has impacted mental stability, relationships , and social status to be greatly affected.
9. The petitioner, Nicholas Mason lacked the capacity to deal with the combined losses encountered leading to hospitalisation by court order after an attempt on his own life.
10. The negilange of the defendant, Lemonade Insurance Company having a duty to provide necessary comforts while at loss of property failed to do so leading to complete loss of property total.
11. The loss of all brought such hardships in which no support was provided although the defendant was contracted and owed a duty to do so. The effects on the petitioner, Nicholas Mason, became so great that he saw life no longer worth living from the negligence of the defendant, Lemonade Insurance Company.

## LOSS AND DAMAGES

1. Loss and damages of all property in the amount of roughly $75,000.00 as the belongings of the petitioner, Nicholas Mason of 30 years of acquiring such assets vanished.
2. Loss of use of the property amounts to a minimum of $45,000.00 while unable to use the industrial equipment in which is rear to this region requiring paid training to operate was unable to be used while having to reside elsewhere living in hotels or elsewhere when afforded and having to sleep on the streets when he could not.
3. Loss of income $100,000.00 as the petitioner's income was at one time over $120,000.00 annually where last year less than 20,000.00 was earned after the series of events.
4. Costs of hospitalizations caused from the loss is estimated to be around $75,000.00.

https://sites.google.com/view/mason1/

## RELIEF AND REMEDY

1. The petitioner, Nicholas Mason would request the policy limits to be paid out in this matter of $145,000.00
2. An additional sum shall be requested exceeding the limits as the loss from not covering the petitioner became much greater than what it would have been otherwise if coverage was provided.
3. The petitioner prays that the defendant make right this situation with payment of $225,000.00 for the extreme circumstances of this matter and the obvious suffering that has been placed upon the petitioner.

Submitted Respectfully,

_____      _4/8/22_____
Signature                            Date

Respectfully Submitted,

Nicholas Mark Mason
3011 South Walnut Ridge Drive
New Haven, IN 46774
260-267-5024
nickmarkmason@outlook.com

**Manual Claim Submission**

Claims made under:

| | |
|---|---|
| Policy #    } | **LP7BF126C4** |
| Name Insured:    } | **Nicholas Mason** |
| Primary Address Insured: } | **409 Buchanan Street** |
|    } | **Fort Wayne IN, 46803** |

NOTICE: THE INSURED POLICYHOLDER, NICHOLAS MASON REQUEST EMAIL COMMUNICATIONS IN THIS MATTER DUE TO EXISTING LEARNING DISABILITIES.

**A: Following responsibilities of the insured party I state the following as it puritans to the contract held under this policy:**

1. The following statement is made by the insured and under the laws of perjury by the state of Indiana to the extent of my capacities.
2. The following claims relate to the policy number LP7BF126C4.
3. The following losses occurred at the insured locations defined under the policy definitions listed under 6 or the residence premises defined under 11. All listed losses occurred during the policy period as defined under O. of section 1 - conditions.
4. I believe this claim may consist of one ongoing occurrence as defined under 8. Of the definitions.
5. Under Section 1 - Property Coverages the listed personal property at loss are covered property as stated under 1, A. Coverage C - Personal Property and are within the limit of liability as defined throughout A. Coverage C - Personal Property. Loss of use claims meet the limits and conditions under B. Coverage D - Loss of Use and C. Additional Coverages. All listed lossed from the occurrences are not excluded as defined under section 1 - exclusions.
6. Under C. Duties after loss I have given prompt notice through the app as well as through emails to agents. Police reports have been made regarding assumed theft of property. I have done my best to protect the property and will provide a record of any repair expenses as necessary. I will fully cooperate in any investigation regarding the claim and have prepared an inventory of items at a loss with referencing receipts / documents where possible. I will show damaged property where possible and provide records as requested if possible. Along with this statement I will submit to an examination under oath as well as sworn proof of loss if deemed necessary.
7. Occurrence - After a fire occurred in the residence the property was deemed unfit by the property owner and was demanded to vacate without means nor resources to successfully secure the property while sending original notice of the claim. This process was interrupted while deemed to be incapacited and detained by court order. I will help in this matter however I can.
8. Attached is an itemised spreadsheet and all referenced documents will follow. I will inform you of any recovered property as required by the policy documents.
9. I will send any changes to the claim that need to be addressed per the policy requirements.

B. Response upon request:

Answers to the questions presented by Kendall (Lemonade Inc.) on March 3, 2020, 9:29 EST.

### 1. Property manager's name, phone number, email:

To my knowledge the property is owned by WBK, LLC. and managed by D, whom the property was leased from. I have lost, misplaced, or cannot locate the phone number and never received an email address however the address of WBK, LLC. P.O. Box 25708 Fort Wayne, IN. 46825 is found on the original lease agreement.

### 2. Date of loss:

The loss began around the date, October 1, 2019 and thereafter.

### 3. Please describe the loss:

Upon threat, under duress, and having undue influence an agreement was made in which released to me the equipment of the company, American Equipment Group, Inc. that included a vehicle and trailer in which contained a substantial amount of property that became personal property as it relates to this claim. This agreement included a lump sum payment which afforded this policy soon after taking possession. The losses pursued under this policy included a series of events that may exceed policy limits afforded. After a fire occured within the residence I was notified to vacate, removing all property in which I was without proper means and/ or resources to perform. The property was unsecured after the fire in which damages to the door that was kicked in would no longer lock let alone remain in a closed position. In my pursuit to recover property, it was realised that property was coming up missing and that damages were noticed. In attempts to file this claim through my phone which was barely functional at the time I began communicating through email with Lemonade and their associates. I was without funds to properly store personal property resulting in further loss. I was gathering information to document the losses during what time I was deemed and held incapacited and under psychosis. This prohibited my ability to finish the claim with Lemonade. Upon the onset of mental and physiological incapacity, personal property had to be relocated and transported by other parties in which I am not sure as to what went where or who did what with everything but I know what I had and what was recovered thus far. I have receipts, agreements, and photos of property owned in which is now deemed as lost, stolen, missing, or otherwise held without knowledge and/or against my permission.
Losses extended past the loss of personal property. Losses of use and the costs relating to the expenses encountered from the events above are ongoing as I remain unable and without means to recover from such losses. I remain without a residence in which to reside for any extended manner which has accumulated expenses surpassing the policy limits and resulted in losses of income that has yet to be calculated. As a result of the incidents medical expenses exist from injuries sustained that I have not reviewed and fear legal action from such expenses.

As to extend liability in this claim I have been pursued in 10 separate legal actions thus far as it relates to this claim. I am without means and without capacity as I am not aware what their claims are or to what has happened causing the actions against me. I only see what can be viewed publicly within the government's site. These actions consist of 3 separate actions against my income. Throughout all these events accounts in my name were opened without my knowledge in which tax returns were directed too before being closed out without my authorization among other losses that may or may not be covered under this policy.

4. When and how did you first discover the loss?:

A. Loss was discovered upon the fire on October 1, 2019 if I recall correctly. This was relayed to me through a phone call.

5. Do you know what caused the damages?:

A. The fire resulted while the house was being heated using the stovetop and open oven sparking igniting nearby materials.

6. Please describe what happened immediately after the loss:

A. I arrived after the Fire Department left finding the residence unsecured in which property was missing and/ or damaged.

7. Please confirm the finalised inventory with me with cost of each item:

A. Losses are documented HERE in which supporting documents can be found HERE. It would be nearly impossible to recall everything acquired as random items would be added everyday that were not recalled prior.

8. Was this loss reported to the police?:

    A. The police and fire department were involved and present upon the event of the fire which to my revelation was October 1, 2019. Police were also present after an individual was either attempting to get into the house or otherwise simply cause damage to the property.

9. Was this loss reported to your property manager/landlord?

    A. The property owner was made aware of the fire in which I was informed to then relocate. It was made aware that there existed issues with my ability to relocate personal property as well. Other people were involved in watching the property and/or sent to help clean and/ or repair the property after the fire occurred.

10. Anything else you'd like to note:

    A. Overall the situation is just overwhelming and would like to seek any relief deemed possible immediately to secure myself while the claims are reviewed.
    B. The losses go beyond policy limits to my understanding and can provide additional information upon request.
    C. I will provide access to an account which will allow access to photos and drive with related documents upon the signing of confidentiality and non disclosure of information.
    D. Any claims made are limited to the limit of liability and / or the value of any accepted agreement.