UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NICHOLAS MARK MASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:22-CV-121-HAB |
| | ) |
| LEMONADE INSURANCE COMPANY | ) |
| and DANIEL SCHREIBER, CEO, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff has filed a pro se complaint (ECF No. 1) and a motion to proceed *in forma pauperis* (ECF No. 2). Plaintiff alleges, generally, that Defendants breached an insurance contract insuring his property. Plaintiff satisfies the financial threshold for *in forma pauperis* status.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Plaintiff's complaint states a plausible claim for breach of contract against Defendant Lemonade Insurance Company ("Lemonade"). He alleges the existence of an insurance contract, a breach of that contract by Lemonade, and damages. That claim, then, will survive screening. *See Morris v. Crain*, 71 N.E.3d 871, 880 n.5 (Ind. Ct. App. 2017) (setting forth elements of breach of contract).

Plaintiff also alleges negligence on the part of Defendants. That claim cannot survive. In Indiana, a tortious breach of an insurance contract can only be brought for breach of the duty of good faith. *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 519 (Ind. 1993). "[P]oor judgment and negligence do not amount to bad faith; the additional element of conscious wrongdoing must also be present." *Hoosier Ins. Co. v. Audiology Found. of Am.*, 745 N.E.2d 300, 310 (Ind. Ct. App. 2001). Plaintiff's complaint does not allege conscious wrongdoing and does not state a claim under Indiana law.

Finally, Plaintiff lists Lemonade's CEO, Daniel Schreiber ("Schreiber"), as a Defendant. In the corporate setting, the Indiana Supreme Court has observed, "[a]lthough a corporation acts only through its agents, officers, shareholders, and employees, it is the corporate entity that is legally responsible for those acts." *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1232 (Ind. 1994). "It is a matter of black-letter law that where the agent acted within the scope of the agent's authority in signing a contract on behalf of the principal, the remedy of one seeking to enforce the contract is against the principal and not the agent." *Id*. at 1231. "As a result, corporate officers

2

and shareholders are generally not personally liable for the contractual obligations of the corporation." *Id*. Plaintiff has not alleged that Schreiber personally did anything with respect to the subject property loss. Rather, it appears he is named only because he is Lemonade's CEO. Since the breach of contract claim is properly against Lemonade, and not its corporate officers, the claim against Schreiber cannot survive screening.

Generally, *pro se* plaintiffs should be given the right to replead claims that cannot survive an initial screening. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [in forma pauperis] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). The Court will afford Plaintiff that right here. If Plaintiff believes that Lemonade acted with "conscious wrongdoing" he may allege facts supporting such a claim in the amended pleading. In addition, in the unlikely event that Plaintiff has facts to support a claim for individual liability against Schreiber, those facts can be pled. If Plaintiff lacks facts to support either claim, they should be omitted from the amended pleading.

For these reasons, the Court GRANTS Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2), DEFERS payment of the filing fee, and ORDERS Plaintiff to pay the filing fee from any proceeds recovered in this case. Plaintiff is ORDERED to file an amended complaint on or before May 11, 2022, consistent with this Opinion and Order.

SO ORDERED on April 11, 2022.

                                                  s/ Holly A. Brady
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT